Mr. G. Wayne Greathouse Interim Executive Director Arkansas Teacher Retirement System 1400 W. Third Little Rock, AR 72201
Dear Mr. Greathouse:
You have requested my opinion on the issue raised by the following question:
 In the event of a vacancy on the Arkansas Teacher Retirement System Board of Trustees, does A.C.A. § 24-7-302(b)(2) supersede the Board's Policies, Rules, and Regulations?
You indicate that your question is prompted by the fact that a board member is retiring, effective July 1, 2002. His six-year term began July 1, 2001.
RESPONSE
It is my opinion, as explained more fully below, that A.C.A. §24-7-302(b)(2) supersedes the Board's Policies, Rules, and Regulations.
I will begin by setting forth the provisions that are relevant to your question. First, A.C.A. § 24-7-302(b)(2) states:
 (b)(2) If a vacancy occurs in the office of member or retirant trustee, the remaining trustees shall fill the vacancy for the remainder of the unexpired term.
A.C.A. § 24-7-302(b)(2).
Also relevant to your question is A.C.A. § 24-7-302(c), which states:
 (c) The board shall adopt its own rules and regulations pertaining to attendance and vacancies as provided in subsection (b) of this section.
A.C.A. § 24-7-302(c).
The Board's Policies, Rules, and Regulations were amended on May 15, 2001, to state:
 When a vacancy occurs in the office of member or retirant trustee, the vacancy will be filled during the next annual ATRS election, utilizing approved election requirements and procedures for that position.
Policies, Rules, and Regulations of the Arkansas Teacher Retirement System Board, as amended May 15, 2001.[1]
Although the Board clearly has the authority, pursuant to A.C.A. §24-7-302(c), above, to enact rules and regulations concerning the filling of vacancies, it may not enact a rule or regulation that is contrary to state law. In my opinion, the above-quoted excerpt from the Board's Policies, Rules, and Regulations, as amended on May 15, 2001, is contrary to state law. State law, as expressed in A.C.A. § 24-7-302(b)(2), provides that when a vacancy occurs in a position on the Board, the remaining Board members are to fill the vacancy. In contrast to this requirement, the above-quoted section of the Board's Policies, Rules, and Regulations provides that vacancies on the Board are to be filled at the next annual election, in accordance with the approved election requirements. This means that the members of the system, rather than the Board, will vote to fill the vacancy. A result of this policy will be that vacancies on the Board will remain unfilled until the next annual election. If vacancies are filled by the remaining members of the Board, as provided in the statute, they can conceivably be filled immediately at a special meeting of the Board. The legislature may have granted the Board the responsibility of filling vacancies for the purpose of avoiding long periods of vacancy that might result from waiting until the next annual election.
I recognize that the overall intent of the legislature concerning the structure of the Board, as reflected in A.C.A. § 24-7-301 et seq., is that Board members be elected by the constituency whom they are to represent. The Board can structure a regulation that is consistent with this intent, but it must do so in manner that is consistent with its primary responsibility of filling vacancies on the Board.
I therefore conclude that the provisions of A.C.A. § 24-7-302(b)(2), requiring that the remaining Board members fill vacancies on the Board, supersede the Board's Policies, Rules, and Regulations, which provide that vacancies are to be filled at the next annual election in accordance with election procedures.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Prior to the May 15, 2001 amendment, the Board's policy stated: "If a vacancy occurs in the office of member or retirant trustee, the remaining trustees shall fill the vacancy for the remainder of the unexpired term. The person selected to fill a vacancy shall have the same qualifications as the position vacated." This previous version of the policy was consistent with the requirement of A.C.A. § 24-7-302(b)(2). The basis for the 2001change in the policy unclear.